UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAMELA ANN HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:25-cv-05506-TMC<br><br>ORDER REMANDING CASE |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Social Security Disability Insurance Benefits ("DIB"). Plaintiff alleges that the Administrative Law Judge ("ALJ") erred in rejecting two pieces of medical opinion evidence that she offered in support of her application, and that three additional pieces of evidence—submitted after the ALJ held a hearing on her application—contradict the ALJ's residual functional capacity ("RFC") determination. Dkt. 13.

After considering the record, the Court concludes that two pieces of evidence submitted after the ALJ hearing directly contradict the ALJ's RFC determination. The Court therefore REVERSES the Commissioner's final decision and REMANDS the case for further proceedings.

ORDER REMANDING CASE - 1

## II.    PROCEDURAL HISTORY

Plaintiff's DIB application under 42 U.S.C. § 423 (Title II) of the Social Security Act was denied both on initial review and on reconsideration. Dkt. 6, Administrative Record ("AR") 180–86, 94–98, 105–09. On January 17, 2024, the ALJ held a hearing on Plaintiff's request for benefits. AR 43. At the hearing, Plaintiff's counsel represented that Plaintiff had requested additional reports from her treatment providers, and those reports were still pending. AR 46–47. The ALJ agreed to keep the case record open for two weeks after the hearing so that Plaintiff could file the additional reports. AR 47–48.

On March 19, 2024, the ALJ issued a written decision concluding that Plaintiff was not disabled under the Social Security Act. AR 27–38. Plaintiff requested review of the ALJ's decision, AR 174–76, and the Appeals Council denied her request on April 8, 2025. AR 1–7. The Appeals Council noted that after the ALJ had closed the case record, Plaintiff had submitted three additional pieces of evidence: "a functional capacity examination report, dated February 8, 2024 (10 pages), a medical source statement from Marsha Hiller, PT, dated March 15, 2024 (3 pages), and a medical source statement from Sofia Kolesnikova, ARNP, dated April 10, 2024 (3 pages)." AR 2. The Appeals Council found that this evidence was not reasonably probable to change the outcome of the ALJ's decision and declined to exhibit it. *Id.*

On June 10, 2025, Plaintiff filed a Complaint in this Court. Dkt. 3. On August 11, 2025, Defendant filed the sealed Administrative Record. Dkt. 6. Plaintiff and Defendant have each submitted additional briefing on the issues. Dkts. 13, 16. The case is ripe for the Court's consideration.

## III.    BACKGROUND

Plaintiff was born in April 1959 and was 62 years old on the alleged date of disability onset of July 2, 2021. AR 180. Plaintiff has completed a GED and most recently worked as an

administrative clerk at the University of Washington. AR 222, 242, 292. According to the ALJ, Plaintiff suffers from "severe impairments" including "right hip tendinosis and bursitis, degenerative disc disease of lumbar and cervical spine, diverticulosis, obesity, and essential hypertension." AR 29. However, the ALJ found that Plaintiff was not disabled because she had the following RFC:

> to perform light work as defined in 20 CFR 404.1567(b) except the individual can stand and walk 4 hours in an 8 hour day, and sit for 6 or more hours in an 8 hour day. The individual can occasionally push/pull and operate foot controls with the right, lower extremity. The individual can frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The individual can occasionally stoop and kneel, but never crawl.

AR 31. The ALJ concluded that Plaintiff could perform past work as a medical records clerk (categorized as light work) or a patient scheduler (categorized as sedentary work). AR 37; *see* 20 C.F.R. § 404.1567(a), (b).

## IV.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Plaintiff argues that the ALJ erred in rejecting two medical opinions that she offered in support of her request for benefits: that of Anastasia D. Jones, N.D., and that of Russell W. Faria, D.O. Dkt. 13 at 3–5. She further contends that the Hiller and Kolesnikova opinions, both of which were rejected by the Appeals Council, contradict the ALJ's RFC determination. *Id.* at 5–6.

The Court concludes that the ALJ did not err in rejecting the Faria and Jones opinions. However, the Court agrees with Plaintiff that the Hiller and Kolesnikova opinions directly contradict the ALJ's conclusion that Plaintiff could perform light work with four hours of

ORDER REMANDING CASE - 3

standing and six hours of sitting per day. The Court thus remands the case for reconsideration of the RFC determination in light of this additional evidence.

**A.      Evidence considered by the ALJ**

*1.       Opinion of Russell W. Faria, D.O.*

Dr. Faria examined Plaintiff and completed his report on January 3, 2023. AR 632–43. He concluded that Plaintiff could "dress, undress, put on shoes, button or zip clothing[,] . . . make a fist, oppose the thumb against all four fingers individually, pinch and grip objects with normal strength"; that she had a normal gait and could engage in heel walking, toe walking, tandem walking, and squatting; and that she had "5/5" motor strength in all areas tested: biceps, triceps, grip, knee extension, knee flexion, foot dorsiflexion, and foot plantarflexion. AR 636–37. Ultimately, he concluded that in an eight-hour workday, Plaintiff should be restricted to one hour or less of bending, stooping, kneeling, and crouching, as well as prolonged standing or walking; that she would require frequent changes in her sitting position; and that she could only lift or carry "10 pounds occasionally or frequently." AR 638–39.

The ALJ concluded that Dr. Faria's opinion was unpersuasive because it was "generally unremarkable and [did] not support the limitations he opined." AR 36. The ALJ noted that in the examination, Plaintiff was able to walk in different ways, use her fingers for various tasks, and exhibit normal strength, all of which was "not consistent with sedentary exertional work with no fingering, grasping, overhead working, climbing, balancing, or standing/walking less than one hour." *Id.*

Plaintiff argues that the ALJ erred in rejecting Dr. Faria's conclusion that she could not tolerate prolonged periods of standing or walking. Dkt. 13 at 3–4. But the ALJ is correct that Dr. Faria's ultimate conclusions are inconsistent with the results of his examinations, which showed that Plaintiff had "5/5" strength in all areas tested, could walk normally and without

difficulty, and could move her hands with normal strength. AR 636–37. In other words, Dr. Faria's opinion was unsupported by the accompanying evidence, and the ALJ did not err in deeming it to be unpersuasive.[1] *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022); 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.").

 2. *Opinion of Anastasia D. Jones, N.D.*

Dr. Jones treated Plaintiff from March 21, 2019 to July 16, 2021. AR 650. On the latter of these dates, Dr. Jones issued a one-page opinion indicating that Plaintiff had "chronic low back pain, muscle spasm, sciatica" and was "unable to sit for extended periods." *Id.* She stated that she had advised Plaintiff not to work but that she "may advise part time [work] at future date TBD." *Id.* She wrote that "at this time condition is debilitating." *Id.*

The ALJ concluded that any of Dr. Jones's conclusions about Plaintiff's ability to work need not be credited because that determination is "reserved to the Commissioner." AR 35. The ALJ found that the opinion was not persuasive because it was "vague and based on her treatment of the claimant before the relevant period." *Id.* The Court agrees with the ALJ that Dr. Jones's

---

[1] Plaintiff argues that Dr. Faria's opinion is further supported by the December 18, 2023 progress notes of Kathleen A. McDaniel, PA-C, who concluded that Plaintiff was experiencing carpal tunnel syndrome. Dkt. 13 at 3–4; *see* Dkt. 14. This report predates the ALJ hearing, and Plaintiff does not explain why she was unable to incorporate this evidence into the administrative record during proceedings before the ALJ and Appeals Council. 42 U.S.C. § 405(g); *see Obrien v. Bisignano*, 142 F.4th 687, 701 (9th Cir. 2025) ("[C]laimants generally may not present new evidence, and new issues dependent on that evidence, that they failed to present to the ALJ."); *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (declining to remand a case based on new evidence where the claimant "failed to demonstrate good cause" and "provided no explanation at all for his failure" to raise the issue before the ALJ). The Court thus declines to consider it.

ORDER REMANDING CASE - 5

opinion is bereft of any details to support the conclusion that Plaintiff has a debilitating condition rendering her unable to sit for extended periods. Because "the ALJ is not required to adopt opinions stated in vague terms that are 'inadequate for determining' [RFC]," the ALJ did not err in rejecting this opinion. *Bayness v. O'Malley*, No. 23-35246, 2024 WL 2931419, at *1 (9th Cir. June 11, 2024) (quoting *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020)).

**B.      Evidence not considered by the ALJ**

Plaintiff argues that the Hiller and Kolesnikova opinions contradict the ALJ's RFC determination because they found limitations with standing, walking, sitting, and use of upper extremities. Dkt. 13 at 5–6. The Commissioner argues that the Court may not consider this evidence because it was not submitted to the ALJ, it was rejected by the Appeals Council, and Plaintiff "has made no attempt to show why either the ALJ or the Appeals Council should have considered this untimely evidence." Dkt. 16 at 12–13. On the merits, the Commissioner argues that the Hiller opinion does not outweigh the substantial evidence supporting the ALJ's decision and that the Kolesnikova opinion is unpersuasive because it relies on Harrell's subjective reports and post-dates the ALJ's decision. *Id.* at 14–16.

As an initial matter, because this evidence was presented before the Appeals Council but not the ALJ, the Court must determine whether it can be considered on this Court's review of the ALJ's decision.

> The Appeals Council "will review a case if . . . [it] receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, [ ] there is a reasonable probability that the additional evidence would change the outcome of the decision," and there is "good cause" for not submitting the new evidence earlier.

*C.B. v. O'Malley*, No. 22-CV-05579-LJC, 2024 WL 1329920, at 15 (N.D. Cal. Mar. 27, 2024) (alterations in original) (quoting 20 C.F.R. § 404.970(a)(5), (b)). Where a Plaintiff challenges the Appeals Council's failure to consider additional evidence, and the Court determines that the

ORDER REMANDING CASE - 6

Appeals Council should have done so, "remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232–33 (9th Cir. 2011).

In *Brewes v. Commissioner of Social Security Administration*, the Ninth Circuit held that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." 682 F.3d 1157, 1163 (9th Cir. 2012). There, a claimant seeking review of an ALJ's decision submitted additional evidence to the Appeals Council, which "received [it] and made [it] part of the record." *Id.* at 1161. The Appeals Council ultimately denied the claimant's request for review, explaining that the additional evidence "[did] not provide a basis for changing the Administrative Law Judge's decision." *Id.* (alteration in original). After the district court affirmed the denial of benefits, the Ninth Circuit concluded that "[t]he district court erred when it refused to consider the new evidence that Brewes submitted to the Appeals Council and that the Council considered in denying Brewes' request for review." *Id.* at 1163.

Here as in *Brewes*, the Appeals Council denied Plaintiff's request for review after determining that the new evidence she submitted was unlikely to change the outcome of the ALJ's decision. AR 2. Although the Appeals Council declined to exhibit the evidence, it "consider[ed]" that evidence when declining review, and this Court thus considers it in reviewing the ALJ's decision.[2] *See C.B.*, 2024 WL 1329920, at *15–16 (explaining that "new evidence

---

[2] In *Amor v. Berryhill*, the Ninth Circuit distinguished between evidence that the Appeals Council "considered" and evidence that it merely "looked at" in denying review, and it concluded that the latter may not be considered on appeal. 743 F. App'x 145, 146 (9th Cir. 2018). To the extent that *Amor* conflicts with *Brewes*, *Amor* is an unpublished opinion, and *Brewes* controls this Court's analysis.

before the Appeals Council 'is part of the record the Court must consider in determining whether the ALJ's decision is supported by substantial evidence'"(quoting *Linnehan v. Berryhill*, No. 17-CV-04146-JSC, 2018 WL 6267846, at *8 (N.D. Cal. July 31, 2018))).

On February 8, 2024, Plaintiff completed a functional capacity examination with PT Hiller. AR 16–19. During the examination, Plaintiff was able to sit for 20 minutes continuously, which "[did] not meet the Demand Minimum Functional Capacity requirement of sitting for 30 minutes continuously." AR 16. She exhibited a maximum lifting capacity of 10 pounds and a maximum carrying capacity of 12.5 pounds. *Id.* She was unable to crouch on a narrow beam for 30 seconds. *Id.* PT Hiller concluded that in order to return to light work, Plaintiff would need to sit for no more than 20 minutes continuously and could not engage in any balancing activities that involve crouching. AR 18. She determined that Plaintiff could lift 5 pounds frequently and 10 pounds only occasionally. AR 16, 18. She opined that in an eight-hour workday, Plaintiff could intermittently sit upright for one to two hours, could stand intermittently for about two hours, and would need to recline for two to four hours. AR 12. Based on the functional capacity examination conducted by PT Hiller, ARNP Kolesnikova similarly concluded that in an eight-hour workday, Plaintiff could sit upright for only one to two hours, could stand for two hours, and would need to recline for two to four hours. AR 9.

This evidence directly contradicts the ALJ's conclusion that Plaintiff could perform light work and could "stand and walk 4 hours in an 8 hour day, and sit for 6 or more hours in an 8 hour day." AR 31; *see also* 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."). On remand, the ALJ is directed to reconsider the RFC determination in light of this additional evidence. *See Taylor*, 659 F.3d at 1232–33.

## V.   CONCLUSION

For the foregoing reasons and based on its consideration of the relevant record, the Court ORDERS that this matter be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 1st day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER REMANDING CASE - 9